IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-20311
Summary Calendar

DONALD RAY HOWARD,

Plaintiff-Appellant,

versus

S.F. KENNEDY; BOBBY RIGGS; TRACY SCHULTZ,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-3680)

March 19, 1999

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.[*]

PER CURIAM:

Donald Ray Howard appeals the summary judgment in favor of the
defendants in his civil rights action filed and adjudicated
pursuant to 42 U.S.C. § 1983.  Howard argues that the evidence was
sufficient to show that his injuries were more than *de minimis* and
that as a result a genuine issue of material fact existed regarding

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the assault against him by Kennedy resulted in excessive force.  Howard also appeals various other rulings by the district court and his failure to receive a jury trial.

The district court did not err in dismissing Riggs and Schultz from the suit.  These individuals were sued only in their supervisory capacities, but Howard did not allege that they acted personally in his assault or that a Brazos County Jail policy caused or failed to prevent his assault.  *See Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).  Because Howard has plainly failed to even allege a cause of action against these defendants, dismissal on summary judgment is proper.

The district court did err, however, in dismissing Howard's cause of action against Kennedy on the basis that Howard's injuries following the assault were *de minimis* and therefore could not have been caused by sadistic or wanton acts.  *De minimis* uses of physical force are excluded from constitutional recognition under the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).  The actions giving rise to Howard's injuries and the injuries themselves, however, are very similar to those in *Gomez v. Chandler*, 163 F.3d 921, 922-25 and n.5 (5th Cir. 1999).  In *Gomez*—handed down after the district court's decision here—the prisoner alleged that he had done nothing to provoke the attack against him and the district court declined to resolve the parties' factual disputes.  *Id*.  Likewise, Howard and Kennedy have set forth widely varying accounts with respect to Howard's provocation of the attack, and the district court did not resolve the factual dispute.

2

Under Howard's version of the events, which the district court implicitly accepted, we cannot say that Howard's injuries are as a matter of law *de minimis* in light of an unprovoked assault by a police officer.[1]

As for the other claims raised by Howard, none have merit. The district court did not abuse its discretion in limiting discovery in the early stages of the case, pending a motion for summary judgment by the defendants. *See Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991) (immune defendant has the right to be free of burdens of broad-reaching discovery). Howard was not denied his right to a trial by jury because he did not request such a trial and thereby waived it. *See* Fed. R. Civ. P. 38(b), 38(d). Finally, the district court did not err in denying Howard's request for a default judgment which was filed after the defendants had filed an

---

[1]In his sworn complaint and in his sworn summary judgment response, Howard asserted in substance the following. He was walking back to his cell from the multi-purpose room when Kennedy hit him in the back of the neck and head, knocking him to the ground. While Howard was on the ground half-dazed, Kennedy hit him again in the forehead, knocking his head against the concrete and rendering him *unconscious*. By the time Howard recovered, he was handcuffed and being picked up from the floor. He did nothing to provoke Kennedy's attack. He suffered a bump on the forehead that would not go away, a stiff neck that "comes and goes," and headaches.

Because the district court dismissed the excessive force claim on the basis that, even accepting Howard's version of the events, no sufficient injury was shown, it did not address Kennedy's qualified immunity defense. We rule only on the sufficiency of injury issue on the basis of Howard's version of the events as noted above. Any other issues respecting the excessive force claim against Kennedy we leave for the district court to address in the first instance. We do note that if Howard's version of the events in question is accepted, Kennedy is not likely to be entitled to qualified immunity. *See Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993).

answer.  *See McCorstin v. United States Dep't of Labor*, 630 F.2d
242, 244 (5th Cir. 1980).  Because Howard does not challenge on
appeal the dismissal of his inadequate medical care claim, any
complaint in that respect is waived and the dismissal of that claim
is affirmed.

The dismissal of all Howard's claims, save only his excessive
force claim against Kennedy, is AFFIRMED.  The dismissal of the
excessive force claim against Kennedy is VACATED and that claim is
remanded for further proceedings not inconsistent herewith.

AFFIRMED in part, VACATED and REMANDED in part

4